N. B. Frost, Appellant, v. Ed. F. Tracy, Respondent.

**Kansas City Court of Appeals, January 2, 1893.**

**Principal and Agent:** contribution. Plaintiff and defendant were co-sureties on two promissory notes, on one of which judgment was obtained against both, and on the other against plaintiff only. Executions were levied on plaintiff's land, which plaintiff then conveyed to defendant in consideration of his satisfying the executions, which he did. *Held*, plaintiff's land paid the judgments, and defendant must contribute his half of the debt to plaintiff. *Held, further*, the deed and agreement was not a final settlement between the co-sureties, nor a new contract superseding their prior relations and constituting a bar to the contribution.

*Appeal from the Johnson Circuit Court.*—Hon. Chas. W. Sloan, Judge.

Reversed and remanded *(with directions).*

*J. W. Suddath* and *Samuel P. Sparks*, for appellant.

(1) That one surety is liable to his co-surety for contribution, where payment is made under any sort of legal compulsion, is fundamental. *Skrainka v. Rohan*, 18 Mo. App. 343. (2) The consideration in the deed was the $5 mentioned, and the face of the two judgments mentioned and costs amounting to $2,005. *Fitzgerald v. Baker*, 13 Mo. App. 192; *Heim v. Vogel*, 69 Mo. 529; *Klein v. Isaacs*, 8 Mo. App. 568. (3) The consideration expressed in the deed, to-wit, the $5 and the two judgments assumed and costs, is the *prima facie* value of the land. Martindale on Conveyancing, sec. 79, p. 73; *Allen v. Kennedy*, 91 Mo. 324–328; *Hasenritter v. Kirchoffer*, 79 Mo. 329.

*O. L. Houts,* for respondent.

(1) While the plaintiff and defendant occupied the relation of co-sureties, plaintiff could have recovered of defendant in an action at law by reason of this relation whatever he had been compelled to pay in excess of his due proportion of the original demand and cost. *Vanhetten v. Richardson,* 68 Mo. 379. (2) It was competent for the plaintiff and defendant at any time after the execution of the notes upon contracts with sufficient consideration to settle the mutual obligations between them or to change their relation toward each other so that they would no longer be co-sureties. *Burnside v. Fetzner,* 63 Mo. 107; *Druhe v. Christie,* 10 Mo. App. 566. (3) This is an action upon a promise which the law creates between co-sureties for contribution. The deed of date February 6, 1889, executed by plaintiff and accepted by defendant, operated as and constituted a contract and settlement between the parties. (4) The suit is not upon the deed or any contract or obligation growing out of it. If at the time the deed was delivered, in consideration therefor, the respondent had agreed to pay the $5, the judgments, and to pay to appellant, then or some other time, one-half of the judgments, appellant should have so stated in his petition, and made proof thereof in order to recover.

ELLISON, J.—Plaintiff and defendant were sureties for a principal on two promissory notes. The holder of the notes obtained judgment against the plaintiff and defendant on one of the notes, and against plaintiff only on the other note. Execution was issued on both judgments, and levied upon one hundred and eighty-three acres of land belonging to this plaintiff. Before the day of sale plaintiff conveyed this land to

this defendant, his co-surety, reciting in the deed a consideration of $5, and the following: "By accepting this deed the said Edward F. Tracy assumes the payment of two judgments against this grantor in the circuit court of Johnson county, Missouri, one in favor of John T. Cheatham for the sum of about $1,000, and one in favor of John Newton for the sum of about $1,000, together with the costs thereon."

Defendant, in compliance with this, did pay off the judgments, and the executions were called in. Plaintiff has instituted this suit to compel defendant, as his co-surety, to pay to him one-half of said judgments, basing his action on the theory that, in effect, he has paid all due on the judgments when, as between him and defendant, he should only pay one-half. Judgment was rendered for defendant below, and plaintiff appeals.

There is no doubt that originally, as between themselves, the plaintiff and defendant were each liable for one-half the judgments, and that, if either paid the whole sum, the other should contribute to him the one-half thereof. The question then is, did plaintiff, by the transaction detailed above, pay the whole amount of the judgments? There is no oral evidence of the understanding of the parties or of any agreements between them, aside from what has been set forth. The record of the suits on the notes, judgments, executions and levies thereunder together with the deed, and the [conceded fact that the defendant paid the judgments, is all that appears in the case. From this we are satisfied that plaintiff is entitled to recover. As between these parties, nothing else appearing, we must assume that the consideration in the deed from plaintiff to defendant represented the value of the land. Therefore, plaintiff has given of his own property to defendant, that which is equal in

value to the whole amount of the judgments, with the understanding that he was to pay these judgments. If he had given him that much money with which to pay the judgments, no question could arise as to his right to recover. If the agreement had been that defendant was to transfer the land conveyed to him by plaintiff to the judgment creditor in satisfaction of the judgments, it would seem also to be plain that he should recover. So if plaintiff had conveyed the land to a third party, as illustrated by counsel, with the understanding that such third person should pay or satisfy the judgments, it would have been a satisfaction by him out of his own property, and certainly defendant would be liable to him for one-half. These illustrations point to the one result, and are no more than if plaintiff had suffered his lands to be sold as they were levied upon and they had brought the amount of the judgments. They all show that plaintiff's property has satisfied the whole debt for which he was only liable for half, as between him and this defendant. The defendant has received $2,000 worth of property of plaintiff, and has paid out for plaintiff only $1,000. He yet has the other $1,000.

But defendant's position is: *First.* "That this deed and agreement, of which it is evidence and the only evidence, was a voluntary and final settlement, founded upon consideration between plaintiff and defendant, of all matters between them growing out of their prior relations as co-sureties, and after defendant paid the judgment and costs he had performed the only and final obligation resting on him to plaintiff growing out of this prior relation and this subsequent agreement; and that plaintiff cannot recover therefor in this action or in any other." *Second.* "Whether the payment of these judgments and costs by Mr. Tracy was the final and only obligation resting upon him towards plaintiff or not, the new contract and deed was from the time

of its date the measure of the right, obligation and remedy then existing between plaintiff and defendant, and any action brought must be based on the new contract, which completely superseded the prior relation of co-sureties between the parties, and the obligation and remedies arising therefrom, and is a complete bar to this suit." We have considered this contention in all its bearings, and find ourselves unable to sustain it on the case presented. The judgment will, therefore, be reversed, and cause remanded with directions to circuit court to enter judgment for the plaintiff. All concur.